UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NANCY J. HAMENT, as Parent and Natural
Guardian of CAIA SCAROLA, an infant,

                   Plaintiff,

– versus –

STARBUCKS CORPORATION,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13 Civ. 2229

ECF CASE

COMPLAINT

JURY TRIAL DEMANDED

     Plaintiff Nancy J. Hament ("Plaintiff"), as parent and natural guardian of Caia Scarola ("Caia"), an infant, by her attorneys, the Law Office of Andrew Rotstein, for her complaint in this matter alleges upon personal knowledge as to herself and upon information and belief as to other matters as follows:

## PRELIMINARY STATEMENT

     1.    This is an action for negligence, negligent hiring, negligent retention, negligent supervision, and strict liability for defective products. It stems from an incident that occurred on September 19, 2011, in which Caia, then five years of age, was severely injured when a container of a scalding hot coffee was handled by an employee of defendant Starbucks Corporation ("Starbucks") in such a careless manner that he caused it to fall onto her, spilling and splattering its contents, and causing multiple severe burns to Caia's abdomen, thighs and legs. Caia's injuries required emergency and follow-up treatment; caused pain, suffering and emotional distress; and will be permanently visible, resulting in continuing anxiety and embarrassment.

2. It also stems from the policy and practice of Starbucks of selling to the public beverages at extremely high temperatures that are unnecessary to the use and enjoyment of such products but that create a risk of harm to customers and to others that is unreasonable in light of alternatives that would be acceptable to customers and are available at a reasonable cost.

## PARTIES

3. Plaintiff resides at 101 West 81st Street, Apartment 709, New York, New York. She is a citizen and resident of the State of New York. She is the mother and a custodial parent of Caia.

4. Caia is Hament's daughter. She was born on September 7, 2006. She, too, resides at 101 West 81st Street, Apartment 709, New York, New York. She is a citizen and resident of the State of New York.

5. Defendant Starbucks is a corporation organized and doing business under the laws of the State of Washington. Its principal place of business is located in the State of Washington.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different States and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in it.

## FACTUAL BACKGROUND

8. On September 19, 2011, Caia, then five years of age and in a stroller, was in the Starbucks store located at 444 Columbus Avenue, New York, New York.

9. A Starbucks employee, in the process of attempting to affix a lid to a container of coffee that was sitting on the store's counter, caused the container, without its being touched by any other person or impacted by any other object, to topple off the counter and to land on Caia, causing its entire contents to spill onto Caia herself.

10. Upon information and belief, the contents of the container, when they spilled onto Caia, were at a temperature as high as 190 degrees Fahrenheit.

11. Although Caia was fully clothed, the spillage of the container's contents caused her to suffer first and second degree burns on her abdomen, thighs and legs.

12. Caia was taken on a stretcher by ambulance to the Emergency Department of New York-Presbyterian Hospital.

13. Caia's injuries were diagnosed as scald burns of the first and second degree to the periumbilical area, the medial anterior area of her thighs, and the anterior medial lower shin.

14. In the hours and days following the incident, Caia suffered acute pain and suffering.

15. Caia was subsequently treated twice for her burns on an outpatient basis.

16. As the result of her injuries, Caia has suffered acute pain, emotional distress, anxiety and embarrassment.

17. Caia's injuries will leave discoloring scars and disfigurations that will be permanently visible and will cause her emotional distress and embarrassment for the remainder of her life.

## **FIRST CLAIM FOR RELIEF**

### **For Negligence**

18. Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

19. Starbucks had a duty to persons who purchased its products and to other persons who, with reasonable foreseeability, might be affected by such purchases not to sell any products that created an unreasonable risk of harm to such purchasers or other persons.

20. Starbucks breached that duty by selling coffee that was at an excessively high temperature.

21. Caia, as such another person who, with reasonable foreseeability, might be affected by Starbucks' sale of such coffee, suffered damages and injuries to her person as a direct and proximate result of Starbucks' breach of its duty in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

22. By selling such products that created an unreasonable risk of harm with actual knowledge or reckless disregard of such risks, Starbucks engaged in conduct that is so flagrant as to transcend mere carelessness, and that constituted willful or wanton negligence or recklessness in that the acts were done under circumstances showing heedlessness and an utter disregard for the rights and safety of others.

23. By having done so, Starbucks is liable to Plaintiff for punitive damages in an amount to be determined at trial but in no event less than five million dollars ($5,000,000.00).

## SECOND CLAIM FOR RELIEF

### For Negligence

24. Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

25. The employee of Starbucks who caused this incident had a duty to persons who, with reasonable foreseeability, might be affected by his handling of such product, to handle it in a safe manner.

26. Starbucks' server breached that duty by causing the container of hot coffee to spill directly onto Caia.

27. Caia, as a person who, with reasonable foreseeability, might be affected by the server's conduct, suffered injuries to her person as a direct and proximate result of the server's breach of his duty.

28. Because the server was acting within the scope of his employment, Starbucks is liable pursuant to the rule of *respondeat superior* to Plaintiff for the damages and injuries Caia suffered as the direct and proximate result of its server's breach of his duty in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

## THIRD CLAIM FOR RELIEF

### For Negligent Hiring

29. Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

30. At the time Starbucks hired the employee who caused this incident, it knew, or should have known, of his propensity for the kind of conduct that caused the injuries suffered by Caia, and therefore should not have hired him as a server in the first instance.

5

31.  Starbucks is thereby liable to Plaintiff for the damages and injuries suffered by Caia in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

## FOURTH CLAIM FOR RELIEF

### For Negligent Retention

32.  Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

33.  Over the course of its employment of the employee who caused this incident, Starbucks became, or should have become, aware of his propensity for the kind of conduct that caused the injuries to Caia, and should have acted to prevent such incidents from occurring by terminating or reassigning him.

34.  Starbucks is thereby liable to Plaintiff for negligent retention for the damages and injuries suffered by Caia in an amount to be determined at trial but in no even less than five hundred thousand dollars ($500,000.00).

## FIFTH CLAIM FOR RELIEF

### For Negligent Supervision

35.  Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

36.  Starbucks knew, or should have known, that the server in this case had a propensity for the kind of conduct that caused the injuries suffered by Caia, and it therefore had a duty to supervise such server in his performance of his job duties so as to avoid such harms.

37. By failing to do so, Starbucks is liable to Plaintiff for negligent supervision for the damages and injuries suffered by Caia in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

## SIXTH CLAIM FOR RELIEF

### For Strict Liability for Defectively Designed Products

38. Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

39. The coffee Starbucks' employee caused to spill on and injure Caia was defectively designed because it was intentionally served at such a high temperature that it was not reasonably safe in light of the attendant risk of harm and of the availability, cost, benefits and acceptability to customers of alternatives, and therefore its utility did not outweigh the dangers inherent in its introduction into the stream of commerce.

40. Starbucks is thereby strictly liable for selling to the public a product with a defective design.

41. As a direct and proximate result of Starbucks' selling such defectively designed products to the public, Caia suffered damages and injuries to her person in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

42. Starbucks did so with actual knowledge, or in reckless disregard, of the existence of the risks of harm caused by such defective design.

43. Starbucks thereby engaged in conduct that is so flagrant as to transcend mere carelessness, and that constituted willful or wanton negligence or recklessness in that the acts were done under circumstances showing heedlessness and an utter disregard for the rights and safety of others.

44. By having done so, Starbucks is liable to Plaintiff for punitive damages in an amount to be determined at trial but in no event less than five million dollars ($5,000,000.00).

## SEVENTH CLAIM FOR RELIEF

### For Strict Liability for Defectively Manufactured Products

45. Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

46. The coffee Starbucks' employee caused to spill on and injure Caia contained a manufacturing defect in that it was prepared and served at such a high temperature that it was not reasonably safe in light of the attendant risk of harm and of the availability, cost, benefits and acceptability to customers of alternatives, and therefore its utility did not outweigh the dangers inherent in its introduction into the stream of commerce.

47. Starbucks is thereby strictly liable for selling to the public a product with a manufacturing defect.

48. As a direct and proximate result of Starbucks' selling such products with a manufacturing defect to the public, Caia suffered damages and injuries to her person in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

49. Starbucks did so with actual knowledge, or in reckless disregard, of the existence of the risks of harm caused by such defective design.

50. Starbucks thereby engaged in conduct that is so flagrant as to transcend mere carelessness, and that constituted willful or wanton negligence or recklessness in that the acts were done under circumstances showing heedlessness and an utter disregard for the rights and safety of others.

51. By having done so, Starbucks is liable to Plaintiff for punitive damages in an amount to be determined at trial but in no event less than five million dollars ($5,000,000.00).

## EIGHTH CLAIM FOR RELIEF

**For Strictly Liability for Failure To Adequately Warn About Dangerous Products**

52. Plaintiff repeats and realleges the allegations of all foregoing paragraphs as if fully set forth herein.

53. Starbucks had a duty to customers to other persons who, with reasonable foreseeability, might be affected by its dangerous products to issue adequate warnings that foreseeable, accidental spillages constituted a latent danger they should take reasonable precautions to avoid.

54. Starbucks is thereby strictly liable for selling and offering to sell products to the public without adequate warnings or instructions.

55. As a direct and proximate result of Starbucks' acts and omissions, Caia suffered damages and injuries to her person in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00).

56. Starbucks failed to issue adequate warnings with actual knowledge, or in reckless disregard, of the existence of the risks of harm caused by its products.

57. Starbucks thereby engaged in conduct that is so flagrant as to transcend mere carelessness, and that constituted willful or wanton negligence or recklessness in that the acts were done under circumstances showing heedlessness and an utter disregard for the rights and safety of others.

58. By having done so, Starbucks is liable to Plaintiff for punitive damages in an amount to be determined at trial but in no event less than five million dollars ($5,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Nancy J. Hament respectfully demands judgment awarding her

a) Compensatory damage for out of pocket medical expenses and for personal injuries, including pain and suffering and emotional distress, in an amount to be determined at trial but in no event less than five hundred thousand dollars ($500,000.00);

b) Punitive damages in an amount to be determined at trial but in no event less than five million dollars ($5,000,000.00); and

c) Such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 4, 2013

>LAW OFFICE OF ANDREW ROTSTEIN
>By: _____
>Andrew Rotstein
>535 Dean Street, Suite 603
>Brooklyn, New York 11217
>E-mail: rotstein@erols.com
>Tel.: (718) 398-1084
>
>*Attorneys for Plaintiff Nancy J. Hament*